UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAELLE LEGER, BARBARA DIVINO,
ELENA DIVINO, ZAIDA TORRES, and
ALIVIA CAMPBELL, individually and on
behalf of all others similarly situated,

        Case no. 8:19-cv-00101-CEH-SPF

    Plaintiffs,

v.

FULL SPECTRUM BEHAVIOR ANALYSIS, LLC,

    Defendant.

_____)

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Full Spectrum Behavior Analysis, LLC (hereinafter "FSBA" or "Defendant"), by and through its undersigned counsel, hereby files and serves its Answer and Affirmative Defenses to the Complaint. Defendant responds to the correspondingly numbered paragraphs of the Complaint as follows:

### NATURE OF SUIT

1.    Admitted that Plaintiffs are attempting to state an FLSA claim. Denied as to entitlement.

2.    Admitted that the Plaintiffs are attempting to claim FSBA's policy violates the FLSA, otherwise denied.

3.    Denied.

### JURISDICTION AND VENUE

4.    Admitted for jurisdictional purposes only.

5. Admitted for jurisdictional purposes only.

6. Admitted for venue purposes only.

7. Denied.

8. Denied.

9. Denied

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied.

## COVERAGE

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## FACTUAL ALLEGATIONS

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted in part, denied in part.

30. Denied.

31. The Agreement speaks for itself. Denied as to any allegation herein that is not in the Agreement.

32. The Agreement speaks for itself. Denied as to any allegation herein that is not in the Agreement.

33. Admitted that such compensation was calculated through a rate which guaranteed at least over minimum wage for hours worked. Otherwise denied.

34. Denied to the extent that the pay structure was designed to ensure that each such person received over minimum wage for hours worked including hours not invoiced.

35. Denied to the extent that the pay structure was designed to ensure that each such person received over minimum wage for hours worked including hours not invoiced.

36. Admitted.

37. Admitted that the Directors supervised including training and assisting.

38. Admitted.

39. Denied.

40. Admitted.

41. Admitted that Directors have supervision agreements with RBTs and BSAs. Otherwise, denied.

42. Denied.

43. Admitted that Directors receive additional pay. Otherwise, denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## **COLLECTIVE ACTION ALLEGATIONS**

59. Denied that the named Plaintiffs are similarly situated to each other or that others would be similarly situated for the purpose of a single action.

60. Denied.

61. Denied.

62. Denied that any person at FSBA did not receive at least minimum wage.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Without knowledge, therefore, denied.

71. Denied at to entitlement.

72. Denied.

## COUNT I

73. Defendant incorporates its answers to ¶¶ 1 through 72 as if fully answered herein.

74. Denied.

75. Denied.

76. Allegation 76 is not an allegation of fact and calls for legal conclusions to which no answer is required. To the extent an answer is required; Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT II

80. Defendant incorporates its answers to ¶¶ 1 through 72 as if fully answered herein.

81. Denied.

82. Denied.

83. Allegation 83 is not an allegation of fact and calls for legal conclusions to which no answer is required. To the extent an answer is required; Denied.

84. Allegation 84 is not an allegation of fact and call for legal conclusions to which no answer is required. To the extent an answer is required; Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## AFFIRMATVE DEFENSES

### First Affirmative Defense

All claims asserted in the Complaint are barred since Plaintiffs fail to state a claim upon which relief can be sought.

### Second Affirmative Defense

29 U.S.C. Section 213(a)(1) provides that employees in a *bona fide* executive, administrative or professional capacity, or in the capacity of outside salesperson, are exempt from, among other things, the overtime compensation provisions of the FLSA. Plaintiffs' overtime compensation claims are precluded because they were "exempt" professional and administrative employees at all times relevant to this action. To the extent that this action seeks to represent other persons in various positions in Complaint, those persons likewise were/are in "exempt" administrative or professional positions.

### Third Affirmative Defense

Plaintiffs cannot proceed to the extent that Defendant is not an "employer" as defined by the FLSA.

### Fourth Affirmative Defense

Plaintiffs' damages claims are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA or FMCA.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they were engaged in certain activities that were preliminary or post-liminary to their principal activities.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the exemptions, exclusions, exceptions, and credits provided by the FLSA, 29 U.S.C. §207, 213.

### Seventh Affirmative Defense

Plaintiffs' overtime claims are barred to the extent that they did not work more than forty (40) hours in one work week.

### Eighth Affirmative Defense

Plaintiffs' claims are barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because all actions taken in connection with Plaintiffs' compensation were done in good faith conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### Ninth Affirmative Defense

Some or all of the purported claims in the Complaint are barred because the time for which compensation is sought is *de minimis*, and therefore not compensable.

### Tenth Affirmative Defense

Neither Plaintiffs nor Defendant engaged in interstate commerce needed to establish individual or enterprise coverage under the FLSA.

### Eleventh Affirmative Defense

Plaintiffs are exempt employees not covered under the overtime provisions of the FLSA.

### Twelfth Affirmative Defense

Plaintiffs' travel time to and from work is not compensable time.

### Thirteenth Affirmative Defense

Any act or omission by Defendant with respect to the matters at issue herein were in good reasonable grounds to believe that its acts or omissions did not violate the FLSA.

### Fourteenth Affirmative Defense

To the extent Plaintiffs are not exempt from the requirements of the FLSA, they are only entitled to compensation for the time actually spent working: preliminary and post-liminary activities and lunch are not compensable under the FLSA.

### Fifteenth Affirmative Defense

To the extent that Plaintiffs seek to represent persons whose claims purportedly arose more than two years prior to the commencement of the instant action, said claims are barred by the statute of limitations.

### Sixteenth Affirmative Defense

Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands.

### Seventeenth Affirmative Defense

To the extent Plaintiffs were paid on a piece rate for billing at location, the piece rate was meant to ensure at least minimum wage for all time worked.

### Eighteenth Affirmative Defense

As independent contractors, Plaintiffs' are not entitled to the relief they are seeking.

### Reservation of Affirmative Defenses

Defendant reserves the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendant, having fully answered the Complaint and having raised legal defenses thereto, request that this action be dismissed with prejudice, in its entirety, and that Defendant be awarded costs, including reasonable attorney's fees.

Dated: February 5, 2019                                  Respectfully Submitted,

*/s/ James M. Thompson, Esq.*
**James M. Thompson, Esq.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy has been served via CM/ECF system which will send a notice of electronic filing to the following: Matthew T. Jackson, Esq. (mtjackson@bmdpl.com), Erin R. Whitmore, Esq. (erwhitmore@bmdpl.com), BRENNAN MANNA DIAMOND, 800 West Monroe Street, Jacksonville, FL 32202, and Amanda Levy-Reis, Esq. (alreis@bmdpl.com), BRENNAN MANNA DIAMOND, 27200 Riverview Center Blvd., Ste. 310, Bonita Springs, FL 34134, this 5th day of February, 2019.

                                                           s/*James M. Thompson, Esq.*
                                                           James M. Thompson, Esq.
                                                           Florida Bar No.: 0861080
                                                           jmthompsonlegal@gmail.com
                                                           Kathryn C. Hopkinson, Esq.
                                                           Florida Bar No.: 0102666
                                                           khthompsonlegal@gmail.com
                                                           mkthompsonlegal@gmail.com
                                                           agthompsonlegal@gmail.com
                                                           THOMPSON LEGAL CENTER, LLC
                                                           777 S. Harbour Island Blvd., Ste. 245
                                                           Tampa, Florida 33602
                                                           (813) 769-3900 ▪ (813) 425-3999 fax
                                                           Counselors for Defendant Full Spectrum