UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAELLE LEGER, BARBARA DIVINO
ELENA DIVINO, ZAIDA TORRES, ALIVIA
CAMPBELL, and GARY KOCISZEWSKI
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                                                                  Case No.: 8:19-cv-00101-T-36SPF

FULL SPECTRUM BEHAVIOR ANALYSIS
LLC, a Florida limited liability company,
CARROLL STREETMAN, an individual, and
COLLIN STREETMAN, an individual,

    Defendants.
_____/

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED FLSA COLLECTIVE ACTION COMPLAINT

Defendants, FULL SPECTRUM BEHAVIOR ANALYSIS, LLC ("FSBA"), CARROLL STREEMAN, and COLLIN STREETMAN (collectively, "Defendants"), answer the Amended FLSA Collective Action Complaint filed by Plaintiffs, MICHAELLE LEGER ("Leger"), BARBARA DIVINO ("B. Divino"), ELENA DIVINO ("E. Divino"), ZAIDA TORRES ("Torres"), ALIVIA CAMPBELL ("Campbell"), and GARY KOCISZEWSKI ("Kociszewski") (collectively, "Plaintiffs"), and state as follows:

### NATURE OF SUIT

    1.    Defendants admit that Plaintiffs have brought claims under the FLSA and that Plaintiffs worked for FSBA in various positions, including the positions of RBT, BSA,

BCBA, Clinical Director, and Regional Director. Defendants deny that they violated the FLSA as it relates to Plaintiffs' employment.

2. Defendants admit that Plaintiffs have styled this action as a collective action. Defendants deny that they committed any of the violations alleged in this paragraph, deny that this case is appropriate for collective certification, and deny that Plaintiffs are entitled to any of the relief sought in their Amended Complaint.

3. Defendants deny the allegations in paragraph 3 of Plaintiffs' Amended Complaint.

## JURISDICTION AND VENUE

4. Defendants admit the allegations in paragraph 4 of Plaintiffs' Amended Complaint. Defendants deny that this case is appropriate for collective certification.

5. Defendants admit this Court has jurisdiction over this case. Defendants deny any allegations, either express or implied, that Defendants violated the FLSA.

6. Defendants admit that venue is proper in this Court. Defendant deny any allegations, either express or implied, that Defendants violated the FLSA.

## PARTIES

7. Defendants admit that Leger worked as an independent contractor of FSBA in the capacity of an RBT from February 2017 to July 2018. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7 of Plaintiffs' Amended Complaint.

8. Defendants admit that B. Divino worked as an independent contractor of FSBA in the capacity of a BCBA and then a Clinical Director from June 2016 to August

2018. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of Plaintiffs' Amended Complaint.

9. Defendants admit that E. Divino worked as an independent contractor of FSBA in the capacity of a BSA from September 2017 to June 2018. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 of Plaintiffs' Amended Complaint.

10. Defendants admit that Torres worked as an independent contractor of FSBA in the capacity of Clinical Director and then Regional Director from November 2016 to May 2018. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 of Plaintiffs' Amended Complaint.

11. Defendants admit that Campbell worked as an independent contractor of FSBA in the capacity of BCBA, Clinical Director, and Regional Director during various times between May 2017 and May 2018. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 of Plaintiffs' Amended Complaint.

12. Defendants admit that Kociszewski worked as an independent contractor of FSBA in the capacity of BSA from September 2017 to October 2018. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 of Plaintiffs' Amended Complaint.

13. Defendants admit the allegations in paragraph 13 of Plaintiffs' Amended Complaint.

14. Defendants deny the allegations in paragraph 14 of Plaintiffs' Amended Complaint.

15. Defendants admit the allegations in paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendants admit the allegations in paragraph 16 of Plaintiffs' Amended Complaint.

**COVERAGE**

17. Defendants deny the allegations in paragraph 17 of Plaintiffs' Amended Complaint.

18. Defendants admit that BSBA employs individuals as described in the FLSA. Defendants deny that it employed the Plaintiffs and, thereby, deny that Defendants are employers as it relates to the work performed by Plaintiffs.

19. Defendants deny the allegations in paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendants deny the allegations in paragraph 20 of Plaintiffs' Amended Complaint.

21. Defendants deny the allegations in paragraph 21 of Plaintiffs' Amended Complaint.

22. Defendants deny that Carroll Streetman or Collin Streetman were directly involved in scheduling hours for Plaintiffs. Defendants admit the remaining allegations in paragraph 22 of Plaintiffs' Amended Complaint.

23. Defendants deny the allegations in paragraph 23 of Plaintiffs' Amended Complaint.

## FACTUAL ALLEGATIONS

24. Defendants admit the allegations in paragraph 24 of Plaintiffs' Amended Complaint.

25. Defendants admit the allegations in paragraph 25 of Plaintiffs' Amended Complaint.

26. Defendants admit the allegations in paragraph 26 of Plaintiffs' Amended Complaint.

### BCBAs

27. Defendants admit the allegations in paragraph 27 of Plaintiffs' Amended Complaint.

28. Defendants admit the allegations in paragraph 28 of Plaintiffs' Amended Complaint.

29. Defendants deny the allegations in paragraph 29 of Plaintiffs' Amended Complaint.

30. Defendants deny the allegations in paragraph 30 of Plaintiffs' Amended Complaint.

31. Defendants deny the allegations in paragraph 31 of Plaintiffs' Amended Complaint.

**RBTs and BSAs**

32. Defendants deny the allegations in paragraph 32 of Plaintiffs' Amended Complaint.

33. Defendants deny the allegations in paragraph 33 of Plaintiffs' Amended Complaint.

34. Defendants admit the allegations in paragraph 34 of Plaintiffs' Amended Complaint.

35. The language of the Agreement speaks for itself.

36. Defendants deny the allegations in paragraph 36 of Plaintiffs' Amended Complaint.

37. Defendants deny the allegations in paragraph 37 of Plaintiffs' Amended Complaint.

38. The language of the Agreement speaks for itself.

39. The language of the Agreement speaks for itself.

40. Defendants admit that RBTs and BSAs received a set amount of money per hour of service performed and invoiced for each client. Defendants deny the remaining allegations in paragraph 40 of Plaintiffs' Amended Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiffs' Amended Complaint.

42. Defendants deny the allegations in paragraph 42 of Plaintiffs' Amended Complaint.

**Clinical Directors and Regional Directors**

43.     Defendants admit the allegations in paragraph 43 of Plaintiffs' Amended Complaint. Defendants deny any allegation, either express or implied, that the Clinical Directors or Regional Directors are not properly classified as independent contractors.

44.     Defendants admit that Clinical Directors and Regional Directors were responsible for ensuring that all of Defendants patients were being attended to timely and properly and that the service provided by the other independent contractors hired by Defendants was consistent and up to Defendants' standards.

45.     Defendants admit the allegations in paragraph 45 of Plaintiffs' Amended Complaint.

46.     Defendants deny the allegations in paragraph 46 of Plaintiffs' Amended Complaint.

47.     Defendants admit the allegations in paragraph 47 of Plaintiffs' Amended Complaint.

48.     Defendants admit that Clinical Directors and Regional Directors are required to sign supervision agreements. Defendants deny the remaining allegations in paragraph 48 of Plaintiffs' Amended Complaint.

49.     Defendants deny the allegations in paragraph 49 of Plaintiffs' Amended Complaint.

50.     Defendants admit that Clinical Directors and Regional Directors receive additional pay based on the productivity of others. Defendants deny the remaining allegations in paragraph 50 of Plaintiffs' Amended Complaint.

51. Defendants deny the allegations in paragraph 51 of Plaintiffs' Amended Complaint.

52. Defendants deny the allegations in paragraph 52 of Plaintiffs' Amended Complaint.

53. Defendants deny the allegations in paragraph 53 of Plaintiffs' Amended Complaint.

**Misclassification as "independent contractors"**

54. Defendants deny that they currently classify RBTs or BSAs as independent contractors. Defendants admit the remaining allegations in paragraph 54 of Plaintiffs' Amended Complaint.

55. Defendants admit that its independent contractors are required to comply with Defendants' policies and procedures. Defendants deny the remaining allegations in paragraph 55 of Plaintiff's Amended Complaint.

56. Defendants deny the allegations in paragraph 56 of Plaintiff's Amended Complaint.

57. Defendants admit that they provide the clients to their independent contractors and set the rates that the company charges those clients. Defendants deny the remaining allegations in paragraph 57 of Plaintiff's Amended Complaint.

58. Defendants deny the allegations in paragraph 58 of Plaintiff's Amended Complaint.

59. Defendants deny the allegations in paragraph 59 of Plaintiff's Amended Complaint.

60. Defendants deny the allegations in paragraph 60 of Plaintiff's Amended Complaint.

61. Defendants deny the allegations in paragraph 61 of Plaintiffs' Amended Complaint.

62. Defendants deny the allegations in paragraph 62 of Plaintiffs' Amended Complaint.

63. Defendants deny the allegations in paragraph 63 of Plaintiffs' Amended Complaint.

64. Defendants deny the allegations in paragraph 64 of Plaintiffs' Amended Complaint.

65. Defendants deny the allegation in paragraph 65 of Plaintiffs' Amended Complaint.

**Post-filing Retaliatory Actions by Defendants**

66. Defendants admit the allegations in paragraph 66 of Plaintiffs' Amended Complaint.

67. Defendants admit the allegations in paragraph 67 of Plaintiffs' Amended Complaint.

68. Defendants admit that Plaintiffs and Defendants, including Kociszewski, participated in a settlement conference before Magistrate Judge Flynn on June 18, 2019. Defendants deny the remaining allegations in paragraph 68 of Plaintiffs' Amended Complaint.

69. Defendants admit that FSBA instituted an action against Kociszewski on July 14, 2019 for breach of contract in state court. Defendants deny the remaining allegations in paragraph 69 of Plaintiffs' Amended Complaint.

70. Defendants admit the allegations in paragraph 70 of Plaintiffs' Amended Complaint.

71. The language of the Agreement speaks for itself.

72. Defendants deny the allegations in paragraph 72 of Plaintiffs' Amended Complaint.

73. Defendants admit that Kociszewski stopped working for Defendants in or around October 2018 and that Defendants had not filed a lawsuit against Kociszewski prior to the action initiated in July 2019.

74. Defendants deny the allegations in paragraph 74 of Plaintiffs' Amended Complaint.

75. Defendants deny the allegations in paragraph 75 of Plaintiffs' Amended Complaint.

**COLLECTIVE ACTION ALLEGATIONS**

76. Defendants admit that Plaintiffs seek relief on a collective basis. Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

77. Defendants deny the allegations in paragraph 77 of Plaintiffs' Amended Complaint.

78. Defendants deny the allegations in paragraph 78 of Plaintiffs' Amended Complaint.

79. Defendants deny the allegations in paragraph 79 of Plaintiffs' Amended Complaint.

80. Defendants deny the allegations in paragraph 80 of Plaintiffs' Amended Complaint.

81. Defendants deny the allegations in paragraph 81 of Plaintiffs' Amended Complaint.

82. Defendants deny the allegations in paragraph 82 of Plaintiffs' Amended Complaint.

83. Defendants deny the allegations in paragraph 83 of Plaintiffs' Amended Complaint.

84. Defendants deny the allegations in paragraph 84 of Plaintiffs' Amended Complaint.

85. Defendants deny that the description of individuals provided in this paragraph is appropriate for conditional certification.

86. Defendants deny the allegations in paragraph 86 of Plaintiffs' Amended Complaint.

87. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 of Plaintiffs' Amended Complaint.

88. Defendants admit that § 216(b) creates a fee shifting provision. Defendants deny that Plaintiffs are entitled to their attorneys' fees or costs in this case.

89. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 of Plaintiffs' Complaint.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA**
**(29 U.S.C. § 206)**

90. Defendants restate their responses to paragraphs 1-89.

91. Defendants deny the allegations in paragraph 91 of Plaintiffs' Amended Complaint.

92. Defendants deny the allegations in paragraph 92 of Plaintiffs' Amended Complaint.

93. The language of the FLSA speaks for itself.

94. Defendants deny the allegations in paragraph 94 of Plaintiffs' Amended Complaint.

95. Defendants deny the allegations in paragraph 95 of Plaintiffs' Amended Complaint.

96. Defendants deny the allegations in paragraph 96 of Plaintiffs' Amended Complaint.

Defendants deny that Plaintiffs are entitled to any of the relief sought in their prayer for relief.

**COUNT II**
**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA**
**(29 U.S.C. § 207)**

97. Defendants restate their responses to paragraphs 1-89.

98. Defendants deny the allegations in paragraph 98 of Plaintiffs' Amended Complaint.

99. Defendants deny the allegations in paragraph 99 of Plaintiffs' Amended Complaint.

100. The language of the FLSA speaks for itself.

101. The language of the FLSA speaks for itself.

102. Defendants deny the allegations in paragraph 102 of Plaintiffs' Amended Complaint.

103. Defendants deny the allegations in paragraph 103 of Plaintiffs' Amended Complaint.

104. Defendants deny the allegations in paragraph 104 of Plaintiffs' Amended Complaint.

105. Defendants deny the allegations in paragraph 105 of Plaintiffs' Amended Complaint.

Defendants deny that Plaintiffs are entitled to any of the relief sought in their prayer for relief.

## COUNT III
## RETALIATION IN VIOLATION OF THE FLSA
### (29 U.S.C. § 215)

106. Defendants restate their responses to paragraphs 1-89.

107. Defendants deny the allegations in paragraph 107 of Plaintiffs' Amended Complaint.

108. Defendants admit the allegations in paragraph 108 of Plaintiffs' Amended Complaint.

109. Defendants deny the allegations in paragraph 109 of Plaintiffs' Amended Complaint.

110. Defendants deny the allegations in paragraph 110 of Plaintiffs' Amended Complaint.

111. Defendants deny the allegations in paragraph 111 of Plaintiffs' Amended Complaint.

112. Defendants deny the allegations in paragraph 112 of Plaintiffs' Amended Complaint.

113. Defendants deny the allegations in paragraph 113 of Plaintiffs' Amended Complaint.

Defendants deny that Plaintiffs are entitled to any of the relief sought in their prayer for relief.

## DEMAND FOR JURY TRIAL

Defendants acknowledge that Plaintiffs have requested a trial by jury.

## DEFENSES

First Defense

To the extent that Plaintiffs failed to state a claim, they are not entitled to relief.

Second Defense

To the extent that Plaintiffs were independent contractors of Defendants and not employees, their claims fail and they are not entitled to relief.

Third Defense

      Because Plaintiffs were exempt from overtime pursuant to the executive and/or administrative exemption, they are not entitled to relief.

Fourth Defense

      Those Plaintiffs that earned in excess of $100,000 per year in total compensation are exempt from overtime pursuant to the highly compensated employee exemption and are not entitled to relief.

Fifth Defense

      Neither Plaintiffs nor Defendants engaged in interstate commerce sufficiently to establish individual or enterprise coverage under the FLSA.

Sixth Defense

      To the extent that the conduct that is complained of falls outside the applicable statute of limitations, neither Plaintiffs nor others who are claimed to be similarly situated are entitled to relief.

Seventh Defense

      To the extent that Plaintiffs cannot establish a willful violation of the FLSA, Plaintiffs cannot recover beyond the two-year statute of limitations period under the FLSA, 29 U.S.C. § 255(a).

Eighth Defense

      To the extent that Plaintiffs have made sworn representations in other actions that they are independent contractors, those Plaintiffs are estopped from challenging their designation as independent contractors in this litigation.

Dated this 25th day of November, 2019.

>Respectfully submitted,
>
>*/s/ Erin G. Jackson*
>Erin G. Jackson
>Florida Bar No.: 413097
>Christopher C. Johnson
>Florida Bar No.: 0105262
>**JOHNSON JACKSON PLLC**
>100 N. Tampa St., Suite 2310
>Tampa, Florida 33602
>Telephone: (813) 580-8400
>Facsimile: (813) 580-8407
>Email: ejackson@johnsonjackson.com
>            cjohnson@johnsonajackson.com
>
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 25th day of November, 2019 using the Court's CM/ECF system, a copy of which will be sent to all counsel of record.

>*/s/ Erin G. Jackson*
>Attorney